FILED
MAY 3 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Charles Randall Harrison, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Raul Maldonado *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 18-1163 (UNA) |

MEMORANDUM OPINION

Plaintiff is a prisoner currently incarcerated at the Federal Medical Center in Lexington, Kentucky. Appearing *pro se*, plaintiff has submitted an application to proceed *in forma pauperis* and a "Civil and Equitable Complaint for Illegal Conversion, Fraud, Replevin, and Subrogation Under the Court's Admiralty and Equitable Jurisdictions." For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that, among other enumerated grounds, is frivolous.

Plaintiff has sued Secretary of Treasury of Puerto Rico Raul Maldonado and the United States. He purports to "state a claim of Subrogation, . . . illegal conversion, [and] replevin in the amount of $8,402,439.28." Compl. at 1. Plaintiff identifies himself as "Civil Executor" who is bringing a claim against the "United States Inc. . . . a Bankrupt Corporation." *Id*. at 1-2.

A complaint, such as this, that lacks "an arguable basis either in law or in fact" may be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Moreover a "finding of factual frivolousness is appropriate when [as here] the facts alleged rise to the level of the

irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The instant complaint is simply impossible to comprehend, and the Court foresees no possibility of a cure. As a result, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate order accompanies this Memorandum Opinion.

Date: May 31, 2018

United States District Judge